UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
UNITED STATES OF AMERICA, :
: Case No. 1:20-cr-487
    Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Docs. 22, 24, 31, & 36]
MONTEL WESTLEY, :
:
    Defendant. :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this drug and firearm case, Defendant Montel Westley moves to suppress the evidence against him, including the fruits of two search warrants and an arrest warrant. For the reasons presented below, the Court **DENIES** Defendant Westley's suppression motions.

## I.     BACKGROUND

On August 5, 2020, the government filed a criminal complaint accusing Defendant Westley of federal drug and firearm offenses based on evidence recovered during a June 30, 2020 search warrant.[1] A Cuyahoga County judge earlier issued the search warrant.[2] Federal Magistrate Judge David Ruiz later issued a federal arrest warrant for Westley.[3]

Law enforcement, however, did not locate Westley until nearly three weeks later, on August 24, 2020. The law enforcement officers arrested Westley at a Cleveland hotel.[4] During the arrest, officers saw suspected drugs in plain view in Westley's hotel room.[5]

---

[1] Doc. 1.
[2] Doc. 27-1.
[3] Doc. 2.
[4] Doc. 33-1 at 7.
[5] *Id.*

Officers then applied for a search warrant for Westley's hotel room, again describing the June 30, 2020 search evidence along with the plain view observations officers made during Westley's arrest.[6] Magistrate Judge Ruiz approved the hotel room search warrant.[7] Police executed the warrant the same day, recovering fentanyl, cocaine, methamphetamine, and other drugs, along with a firearm.[8]

On September 3, 2020, Defendant Westley was indicted on eight federal drug and firearm counts related to the June 30, 2020, and August 24, 2020 searches.[9]

On February 10, 2021, Westley moved through counsel to suppress all the evidence against him.[10] Westley filed supplemental suppression motions on February 23, 2021,[11] and April 19, 2021.[12] The government opposed each motion.[13]

The Court determined that Westley challenged the search warrant issuances. Because Westley argued that the affidavits used to support the warrants did not give probable cause for the searches, the Court found that the suppression motions would, necessarily, be decided by considering the supporting affidavits.

After the Court indicated that it would resolve Westley's suppression motion without a hearing, the parties submitted supplemental suppression briefing.[14] The Court now turns to Westley's suppression motion.

---

[6] *Id.* at 3–8.
[7] *Id.* at 1.
[8] Doc. 9.
[9] *Id.*
[10] Doc. 22.
[11] Doc. 24.
[12] Doc. 31.
[13] Doc. 27; Doc. 33.
[14] Doc. 36; Doc. 37.

## II. LEGAL STANDARD

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."[15] To that end, law enforcement generally must obtain a warrant before searching or seizing a defendant's person or property.[16] The Fourth Amendment similarly governs courts' ability to issue such warrants, providing that none "shall issue, but upon probable cause, supported by Oath or affirmation."[17]

Law enforcement meet the probable cause standard where they establish "a fair probability—not an absolute certainty—that evidence of a crime will be found" in the place searched.[18] And where, as here, a state judge issues a warrant based on a law enforcement affidavit, this Court affords that conclusion "great deference."[19] This Court examines only the affidavit's contents in reviewing a state judge's probable cause finding, considering the totality of the affidavit-described circumstances.[20]

## III. DISCUSSION

Defendant Westley's suppression motion focuses almost entirely on the June 30, 2020 Linnet Avenue search. Westley argues that Linnet Avenue search was not supported by probable cause, meaning that the drugs and firearms recovered there should be suppressed.

---

[15] U.S. Const. amend IV.
[16] *Kentucky v. King*, 563 U.S. 452, 459 (2011).
[17] U.S. Const. amend IV.
[18] *United States v. Martin*, 526 F.3d 926, 936 (6th Cir. 2008) (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).
[19] *United States v. Johnson*, 351 F.3d 254, 258 (6th Cir. 2003).
[20] *United States v. Allen*, 211 F.3d 970, 975 (6th Cir. 2000).

From there, Westley argues that the later arrest and hotel room search warrants, which relied in large part on the Linnet Avenue evidence, also fail.

The Court accordingly focuses on the validity of the Linnet Avenue search warrant.

On June 29, 2020, Cuyahoga County law enforcement requested a search warrant for 10701 Linnet Avenue in Cleveland from the Cuyahoga County Court of Common Pleas.[21] The warrant application included the affidavit of Cuyahoga County Sheriff's Department Detective Scott Vargo providing the following factual background[22]:

In June 2020, the Sheriff's Department began investigating Defendant Westley for suspected drug trafficking.[23] The Sheriff's Department believed that Westley resided at 10701 Linnet Avenue in Cleveland, which was confirmed by a CLEAR report.[24] A June 24, 2020 trash pull at the Linnet Avenue residence revealed numerous clear plastic bags containing white and brown residue.[25]

Police then decided to conduct a controlled drug by from Defendant Westley using a confidential informant.[26] The informant arranged a meeting with Westley to buy drugs via text message.[27] Surveilling Westley, detectives saw Westley leave the Linnet Avenue residence and drive straight to the agreed-upon drug buy location.[28]

At the meeting, the informant, outfitted with a live audio feed capturing device, exchanged police-provided money to Westley in exchange for suspected—and later

---

[21] Doc. 27-1.
[22] *Id.*
[23] *Id.*
[24] *Id.*
[25] *Id.*
[26] *Id.*
[27] *Id.*
[28] *Id.*

-4-

Case No. 1:20-cr-487
Gwin, J.

laboratory confirmed—cocaine and ecstasy.[29] The informant later identified Westley via Ohio Law Enforcement Gateway photographs as the man who had sold him the drugs.[30]

On June 29, 2020, within 72 hours of the controlled buy, Cuyahoga County law enforcement requested a 10701 Linnet Avenue search warrant in Cuyahoga County.[31] The requested warrant was issued by Common Pleas Judge David Matia.[32]

The next day, June 30, 2020, police executed the Linnet Avenue search warrant, discovering multiple firearms, cocaine, and methamphetamine.[33]

The Court finds that the Linnet Avenue search warrant was supported by probable cause. Though the police began their investigation of Defendant Westley based on uncorroborated rumors about "drug activity," they performed significant corroborative work before requesting the Linnet Avenue search warrant, including a trash pull and a controlled drug buy using a police informant outfitted with live audio feed technology.[34] This evidence showed a "fair probability" that Westley was engaged in drug trafficking.[35]

Further, officers' investigative work showed a close connection between Westley's conduct and the Linnet Avenue residence. Earlier in the investigation, police had recovered plastic bags containing residue consistent with drug trafficking from the Linnet Avenue residence's trash.[36] Further, on the day of the controlled buy, police observed Defendant

---

[29] *Id.*
[30] *Id.*
[31] *Id.*
[32] *Id.*
[33] Doc. 33 at 3–8.
[34] Doc. 27-1.
[35] *Martin*, 526 F.3d at 936.
[36] Doc. 27-1.

Case No. 1:20-cr-487
Gwin, J.

Westley leave the Linnet Avenue residence and drive directly to the controlled drug buy.[37] In multiple cases confronting similar facts, the Sixth Circuit has found "a fair probability" that evidence of drug trafficking would be found in the searched residence.[38]

Defendant Westley disagrees with the government's theory that he lived at the Linnet Avenue residence and owned the recovered contraband. While these arguments may play an important role in a future trial where Westley's relationship to the recovered contraband would be key, they are irrelevant for today's motion to suppress purposes. To successfully defend the Linnet Avenue search warrant, the government need only show "a fair probability" on the face of the state court probable cause affidavit "that evidence of a crime [would] be found" in the Linnet Avenue residence.[39] The government has met that burden.

Because the Linnet Avenue search warrant stands, Westley's argument regarding the later arrest warrant and hotel room search warrant fails. Law enforcement's controlled-buy observations and the recovered Linnet Avenue drug and firearm evidence were sufficient to establish probable cause for Westley's arrest. While arresting Westley, officers observed suspected drugs in plain view in his hotel room, justifying the search warrant.

IV. CONCLUSION

For the stated reasons, the Court **DENIES** Defendant Westley's suppression motions.

IT IS SO ORDERED

Dated: July 2, 2021

*s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[37] *Id.*
[38] *See, e.g.*, *United States v. Ellison*, 632 F.3d 347, 349 (6th Cir. 2011).
[39] *Martin*, 526 F.3d at 936.