UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| UNITED STATES OF AMERICA, : | CASE NO. 1:20-cr-487 |
| Plaintiff, : | OPINION & ORDER |
|  : | [Resolving Doc. 61] |
| v. : |  |
| MONTEL WESTLEY, : |  |
| Defendant. : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

On August 24, 2021, a jury convicted Defendant Westley on five charges: four counts of drug possession with intent to distribute and one count of possession of a firearm in furtherance of a drug trafficking crime.[1] The jury acquitted him of two drug possession charges.[2] Now, Defendant moves for a judgment of acquittal or, in the alternative, for a new trial. For the following reasons, the Court **DENIES** both motions.

I.  Background

A grand jury indicted Defendant Westley on seven counts of drug possession with intent to distribute and indicted Westley on one count of possession of a firearm in furtherance of a drug trafficking crime.[3]

Some of the evidence against Defendant Westley came from a search at a Linnet Avenue residence.[4] The search warrant was based on evidence from a confidential informant's statement, a trash pull, and a controlled-buy involving Defendant Westley.[5]

---

[1] Doc. 57.
[2] *Id.*
[3] Doc. 9.
[4] Doc. 38 at 3-4.
[5] *Id.* at 5.

Case No. 1:20-cr-487
GWIN, J.

Other evidence came from a La Quinta hotel room search, based on the controlled buy and Linnet Avenue search evidence.[6]

Defendant Westley moved to suppress the evidence obtained in the Linnet Avenue search.[7] In support of his suppression motion, Westley said the supporting affidavit was insufficient to justify the search warrant.

The Court denied Defendant Westley's suppression motion.[8] The Court found that probable cause supported the Linnet Avenue search warrant.[9] Although police initiated their investigation based on a tip, they corroborated the tip through significant investigative work, including a trash pull, in-person observation, and a controlled drug buy with a live audio feed.[10]

The Court also denied Defendant Westley's challenge to his arrest, finding that "[l]aw enforcement's controlled-buy observations and the recovered Linnet Avenue drug and firearm evidence were sufficient to establish probable cause for Westley's arrest."[11]

Following the Court's order denying suppression, the government disclosed that the background section of its suppression response incorrectly described one element of the trash pull evidence.[12]

The Court denied a subsequent motion to reconsider its suppression ruling, again finding that the Linnet Avenue search warrant affidavit demonstrated "a fair probability

---

[6] Doc. 33-1 at 5-6.
[7] Doc. 22; Doc. 24. Defendant Westley filed a supplemental suppression motion. Doc 31. The parties submitted supplemental suppression briefing after the Court indicated that it would resolve the suppression motion without a hearing. Doc. 36; Doc. 37.
[8] Doc. 38.
[9] *Id.* at 5.
[10] *Id.*
[11] *Id.* at 6.
[12] Doc. 40.

- 2 -

Case No. 1:20-cr-487
GWIN, J.

. . . that evidence of a crime would be found" at the residence.[13]

A jury trial followed. At trial, Defendant called the special agent who applied for the La Quinta hotel search warrant.[14] On direct examination, defense counsel drew out that the affidavit included an incorrect statement about trash pull evidence.[15]

The jury acquitted Defendant Westley of two charges: possession of cocaine with the intent to distribute and possession of methamphetamine with intent to distribute.[16]

The jury convicted Defendant Westley on four drug charges: possession with intent to distribute (1) fentanyl and methamphetamine; (2) crack cocaine; (3) powder cocaine, and (4) fentanyl.[17] In addition, the jury convicted him of possession of a firearm in furtherance of a drug trafficking crime.[18]

## II. Legal Standard

Federal Rule of Criminal Procedure 29 allows a motion for a judgment of acquittal within 14 days after a guilty verdict or jury dismissal.[19] A motion under this rule "challenges the sufficiency of the evidence."[20] The court "asks whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"[21] "Rule 29 requires the court to view the evidence in a light most favorable to the prosecution."[22]

A different standard governs a motion for a new trial. Under Federal Rule of Criminal Procedure 33, a court may "vacate any judgment and grant a new trial if the interest of justice

---

[13] Doc. 46 at 3 (quoting *United States v. Martin*, 526 F.3d 926, 936 (6th Cir. 2008)).
[14] Doc. 60 at 6:22-7:5; 9:12-9:16.
[15] *Id.*
[16] Doc. 57.
[17] *Id.*
[18] *Id.*
[19] Fed. R. Crim. Pro. 29.
[20] *United States v. Mallory*, 902 F.3d 584, 596 (6th Cir. 2018).
[21] *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).
[22] *Id.*

Case No. 1:20-cr-487
GWIN, J.

so requires."[23] A Rule 33 motion for a new trial "calls on the trial judge to take on the role of a thirteenth juror, weighing evidence and making credibility determinations firsthand to ensure there is not a miscarriage of justice."[24] Unlike Rule 29, Rule 33 does not require the court to consider the evidence in the light most favorable to the prosecution.[25]

The Court has broad discretion to decide a motion for a new trial, but "should exercise such discretion only in the extraordinary circumstances where the evidence preponderates heavily against the verdict."[26]

### III. Discussion

Defendant Westley raises three arguments. First, he challenges the Linnet Avenue search warrant. Next, he challenges the La Quinta hotel search warrant. Finally, he argues that the government made an improper closing argument statement. None of these arguments supports a judgment of acquittal or a new trial.

#### a. Linnet Avenue Search Warrant

Defendant argues that the search warrant was not supported by probable cause.[27] He raises the same arguments that the court considered and rejected in deciding his suppression motion and motion for reconsideration.

The search warrant affidavit identified trash pull and controlled-buy evidence.[28] Defendant Westley sold drugs in a controlled buy after leaving the Linnet Avenue residence.[29] Officers also conducted a trash pull at the residence and found drug packaging

---

[23] Fed. R. Crim. Pro. 33.
[24] *Mallory*, 902 F.3d at 596.
[25] *Id.*
[26] *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988).
[27] Doc. 61 at 5.
[28] Doc. 27-1.
[29] *Id.* at 4-5.

- 4 -

Case No. 1:20-cr-487
GWIN, J.

and drug residue.[30]  Probable cause supported the search warrant.

### b. La Quinta Hotel Search Warrant

Defendant argues that he should be acquitted or granted a new trial because the hotel search warrant was deficient.  He points to an incorrect statement in the affidavit.  One of the statements in support of probable cause incorrectly stated that a trash pull found hospital discharge papers with Defendant Westley's name on them.[31]

At trial, defense counsel examined the Drug Enforcement Agency special agent who submitted the affidavit.[32]  On direct examination, the agent explained that he read the incorrect hospital discharge statement in a report, then included it in his affidavit.[33]

The search warrant affidavit provided sufficient probable cause to arrest Defendant Westley even without the statement about hospital discharge papers.  The affidavit listed many other pieces of evidence: a bag with drug residue found in the trash pull; a controlled-buy involving Defendant Westley; drugs, guns, and packaging materials found during the Linnet Avenue search; and papers with Defendant Westley's name in a nightstand that also held drugs.[34]

In addition, Defendant Westley presented his argument about the discharge papers to the jury through his direct examination of the special agent.  The incorrect statement in the affidavit does not justify a judgment of acquittal or a new trial.

### c. Closing Argument

Defendant Westley argues that government counsel improperly described his arrest

---

[30] *Id.*
[31] Doc. 33-1 at 5; Doc. 60 at 9:12-16.
[32] Doc. 60 at 9:12-16.
[33] *Id.* at 6:22-7:5.
[34] Doc. 33-1 at 5.

> Case No. 1:20-cr-487
> GWIN, J.

in its closing argument.[35] Westley objects to the government's statement that the arresting officers conducted a security sweep and that "if there was anything wrong, legally, with that entry in the hotel, we wouldn't be here."[36]

Defendant Westley did not object to this statement at trial.[37] Even if this amounts to an improper argument, it is not sufficient to justify a new trial.

\* \* \*

The Court denies Defendant Westley's motion for judgment of acquittal because the government presented sufficient evidence for a rational juror to find each element of the convicted offenses beyond a reasonable doubt.

The Court also denies Defendant Westley's motion for a new trial. The evidence supports the jury's verdict.

## IV. Conclusion

For the foregoing reasons, the court **DENIES** Defendant Westley's motion for judgment of acquittal or for a new trial.

IT IS SO ORDERED.

Dated: October 15, 2021                        *s/    James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE

---

[35] Doc. 61 at 8.
[36] *Id.*; Doc. 59 at 4:7-13.
[37] Doc. 59 at 4:7-15.